**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW CARL PATTERSON,<br><br>      Petitioner,<br><br>   v.<br><br>ROBERT TRIMBLE,<br><br>      Respondent. | Case No. 1:11-cv-00032-BAM-HC<br><br>ORDER DIRECTING THE SUBSITUTION OF ROBERT TRIMBLE AS RESPONDENT<br><br>ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1) AND DIRECTING THE ENTRY OF JUDGMENT FOR RESPONDENT<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on January 18, 2011, and on behalf of Respondent on May 10, 2011.

1    Pending before the Court is the petition, which was filed on

2  January 7, 2011.  Respondent filed an answer to the petition with

3  supporting documentation on June 15, 2011.  Although the time for

4  filing a traverse has passed, no traverse was filed.

5    I.  Jurisdiction

6    Because the petition was filed after April 24, 1996, the

7  effective date of the Antiterrorism and Effective Death Penalty Act

8  of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

9  Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,

10  1499 (9th Cir. 1997).

11    A district court may entertain a petition for a writ of habeas

12  corpus by a person in custody pursuant to the judgment of a state

13  court only on the ground that the custody is in violation of the

14  Constitution, laws, or treaties of the United States.  28 U.S.C.

15  §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7

16  (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010)

17  (per curiam).  Petitioner claims that in the course of the

18  proceedings resulting in his conviction, he suffered violations of

19  his constitutional rights.  Further, the challenged judgment was

20  rendered by the Kings County Superior Court (KCSC), which is located

21  within the territorial jurisdiction of this Court.  28 U.S.C.

22  §§ 84(b), 2254(a), 2241(a), (d).  The Court concludes that it has

23  subject matter jurisdiction over the petition.

24    Petitioner initially named as Respondent James A. Yates, who at

25  the time the petition was filed was the warden of the Pleasant

26  Valley State Prison (PVSP) at Coalinga, California, where Petitioner

27  has been incarcerated at all pertinent times during this proceeding.

28  It thus appears that Petitioner named as a Respondent a person who

has custody of the Petitioner within the meaning of 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules).  See, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Accordingly, the Court concludes that it has personal jurisdiction over the person of the Respondent.

## II.   Substitution of Respondent

An answer was filed on behalf of Robert Trimble, who is presently Warden of PVSP.  The Attorney General requests that Robert Trimble be substituted for James Yates.  The substitution is appropriate pursuant to Fed. R. Civ. P. 25(d), which provides that a court may at any time order substitution of a public officer who is a party in an official capacity whose predecessor dies, resigns, or otherwise ceases to hold office.

Accordingly, the substitution of Robert Trimble as Respondent will be ordered.

## III.   Procedural Summary

Petitioner was charged by information with the felony of having possessed on or about April 19, 2008, cocaine base for the purpose of sale and with having purchased it for the purpose of sale in violation of Cal. Health & Safety Code § 11351.5; Petitioner was also charged with misdemeanors and with the felony of transportation or sale of cocaine base in violation of Cal. Health and Safety Code § 11352(a).  (1 CT 8-9.)  On June 20, 2008, Petitioner entered a guilty plea to count 1, possession of cocaine base for sale, and the remaining charges were dismissed.  Petitioner admitted two alleged prior convictions but expressed an intention to move at the time of sentencing to strike one or both of the prior convictions.  (1 CT

3

21-22, 26.)  On July 24, 2008, Petitioner's motion to strike one of

the prior convictions was denied, and Petitioner was sentenced to

twenty-five (25) years to life pursuant to Cal. Pen. Code § 667(b)

through (i).  (1 CT 44-45.)

The conviction was affirmed on appeal in an unpublished,

reasoned decision of the Court of Appeal of the State of California,

Fifth Appellate District (CCA) filed on April 7, 2009.  (Ans., doc.

14, 24-27.)

A petition for review was summarily denied by the California

Supreme Court (CSC) on June 24, 2009.  (LD 3, LD 4.)[1]

A petition for writ of habeas corpus filed in the CSC on April

27, 2010, was summarily denied on November 17, 2010.  (LD 5, LD 6.)

III.  Factual Summary

In a habeas proceeding brought by a person in custody pursuant

to a judgment of a state court, a determination of a factual issue

made by a state court shall be presumed to be correct; the

petitioner has the burden of producing clear and convincing evidence

to rebut the presumption of correctness.  28 U.S.C.

§ 2254(e)(1); Sanders v. Lamarque, 357 F.3d 943, 947-48 (9th Cir.

2004).  This presumption applies to a statement of facts drawn from

a state appellate court's decision.  Moses v. Payne, 555 F.3d 742,

746 n.1 (9th Cir. 2009).  The following statement of facts is taken

from the decision of the CCA in People v. Andrew Carl Patterson,

case number F055785, filed on April 7, 2009:

**The Instant Offense**

On April 19, 2008, a police officer stopped a vehicle in
which appellant was riding as a passenger. After complying

---

[1] "LD" refers to documents lodged by the Respondent in support of the petition.

4

with the officer's request that he get out of the car, appellant consented to a search of his pockets. During that search, the officer found, in a brown paper bag in appellant's right rear pants' pocket, three bindles, each of which contained a "white rock-like substance." When the officer asked what the substance was, appellant responded, "crack." Appellant admitted to the officer he used cocaine. The substance in the bindles was later tested and found to contain cocaine. "The cocaine was weighed and found to be 14.4 grams including packaging."

### Appellant's Criminal History

Appellant was adjudged a ward of the juvenile court in 1979 based on an adjudication of petty theft, and readjudged a ward in 1981 based on an adjudication of forcible rape.

Between 1983 and 1994, appellant suffered 17 misdemeanor convictions: four for driving under the influence, four for driving with a suspended license, three for being under the influence of a controlled substance, three for simple battery, and single convictions of obstructing a peace officer, spousal battery, and battery with infliction of serious bodily injury. During this period, appellant was placed on probation six times, his probation was revoked once and he was sentenced to county jail on multiple occasions.

Between 1984 and 1995, appellant suffered five felony convictions, for receiving stolen property, in 1984; possession of a controlled substance, in 1990 and again in 1992; and two counts of robbery in 1995. On each of these convictions, he was sentenced to prison, released on parole, and eventually discharged. On each of the 1990 and 1992 convictions, he was returned to custody on multiple occasions after being paroled.

### Other Background

Appellant told the probation officer the following. He attended high school "until the 11th grade," and "receive[d] his diploma from Hanford Adult School in 1983." He was unemployed at the time of his arrest; his last employment was as a "floor associate" with Wal-Mart, from 2000 to 2004. He "lost this job due to drug usage," and since then had been "working odd jobs, earning $150 to $200 per month...." He was "a drug addict," he used drugs

"daily," he was 43 years of age; he began "heavily" using "crack" when he was 38 or 39 years of age, and "all of the money he earned was used to support his drug habit."

The probation officer stated that appellant "appeared remorseful for his actions." The officer also recommended that the court find as a circumstance in mitigation that appellant "voluntarily acknowledged wrongdoing prior to arrest or at an early stage of the criminal process."

(Ans., doc. 14, 24-25.)

IV.   <u>Standard of Review and Scope of Decision</u>

Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. <u>Cullen v. Pinholster</u>, - U.S. -, 131 S.Ct. 1388, 1399 (2011); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).

A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or

6

concludes differently on a materially indistinguishable set of facts. Williams v. Taylor, 529 U.S. at 405-06.  The state court need not have cited Supreme Court precedent or have been aware of it, "so long as neither the reasoning nor the result of the state-court decision contradicts [it]." Early v. Packer, 537 U.S. 3, 8 (2002).

A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407.

An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. Williams, 529 U.S. at 410.  A state court's determination that a claim lacks merit precludes federal habeas relief as long as it is possible that fairminded jurists could disagree on the correctness of the state court's decision. Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011).  Even a strong case for relief does not render the state court's conclusions unreasonable. Id.  In order to obtain federal habeas relief, a state prisoner must show that the state court's ruling on a claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.  The standards set by § 2254(d) are "highly deferential standard[s] for evaluating state-court rulings" which require that state court

7

decisions be given the benefit of the doubt, and the Petitioner bear the burden of proof.  Cullen v. Pinholster, 131 S.Ct. at 1398. Further, habeas relief is not appropriate unless each ground supporting the state court decision is examined and found to be unreasonable under the AEDPA.  Wetzel v. Lambert, --U.S.--, 132 S.Ct. 1195, 1199 (2012).

In assessing under section 2254(d)(1) whether the state court's legal conclusion was contrary to or an unreasonable application of federal law, "review... is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen v. Pinholster, 131 S.Ct. at 1398. Evidence introduced in federal court has no bearing on review pursuant to § 2254(d)(1).  Id. at 1400. Further, 28 U.S.C. § 2254(e)(1) provides that in a habeas proceeding brought by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct; the petitioner has the burden of producing clear and convincing evidence to rebut the presumption of correctness.  A state court decision that was on the merits and was based on a factual determination will not be overturned on factual grounds unless it was objectively unreasonable in light of the evidence presented in the state proceedings.  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

A state has adjudicated a claim on the merits within the meaning of § 2254(d) when it decides the petitioner's right to relief on the basis of the substance of the constitutional claim raised, rather than denying the claim because of a procedural or other rule precluding state court review of the merits.  Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004).

1   Where there has been one reasoned state judgment rejecting a
2   federal claim, later unexplained orders upholding that judgment or
3   rejecting the same claim are presumed to rest upon the same ground.
4   Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).   Thus, where the
5   California Supreme Court denies a habeas petition without citation
6   or comment, a district court will "look through" the unexplained
7   decision of that state court to the last reasoned decision of a
8   lower court as the relevant state-court determination.   Ylst v.
9   Nunnemaker, 501 U.S. at 803-04; Taylor v. Maddox, 366 F.3d 992, 998
10  n.5 (9th Cir. 2004).   A petitioner has the burden to overcome or
11  rebut the presumption by strong evidence that the presumption, as
12  applied, is wrong.   Ylst, 501 U.S. at 804.

13      Here, this Court will look through the unexplained decision of
14  the CSC to the decision of the CCA, which was the last reasoned
15  decision addressing Petitioner's claims.

16      V.   Denial of Petitioner's Motion to Strike a Prior Conviction

17      Petitioner argues that the denial of his motion to strike the
18  prior conviction was an abuse of discretion and thus violated his
19  liberty interest and right to due process of law.   He further
20  contends that the abuse of discretion resulted in a violation of
21  Petitioner's protection against cruel and unusual punishment.

22      A.   The State Court's Decision

23      The decision of the CCA in which the court addressed the denial
24  of the motion to strike as an abuse of discretion is as follows:

25  **DISCUSSION**

26  As indicated above, appellant contends the court abused
27  its discretion in denying his *Romero* motion.

28  ***Governing Principles***

9

Section 1385 provides, in relevant part, "The judge or magistrate may, ... in furtherance of justice, order an action to be dismissed." (§ 1385, subd. (a).) In *Romero*, *supra*, 13 Cal.4th at pp. 529-530, the California Supreme Court concluded that section 1385, subdivision (a) "permit[s] a court acting on its own motion to strike prior felony conviction allegations in cases brought under the Three Strikes law." But although "[a] defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385," a defendant "does have the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.'" (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*.)

In *People v. Williams* (1998) 17 Cal.4th 148, the California Supreme Court set forth the factors relevant to the determination of whether to strike a strike: "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to [section 1385, subd. (a)], or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.)

A superior court's determination not to strike a strike is reviewable for abuse of discretion. (*Carmony, supra*, 33 Cal.4th at p. 376.) "In [conducting this review], we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] Second, a ' "decision will not be reversed merely because reasonable people might disagree.

'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376-377.)

Thus, " '[i]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations.... Because the circumstances must be 'extraordinary ... by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary. Of course, in such an extraordinary case-where the relevant factors described in *Williams, supra*, 17 Cal.4th [at p. 161], manifestly support the striking of a prior conviction and no reasonable minds could differ-the failure to strike would constitute an abuse of discretion." (*Carmony, supra*, 33 Cal.4th at p. 378.)

### Contentions and Analysis

Appellant argues the court abused its discretion in refusing to strike one of his strike convictions because, he asserts: the fact that appellant's conviction in the instant case in 2008 was his first since 1995 demonstrates he has "markedly matured" and "effected a break from his prior propensity [to commit crimes]"; the court "failed to consider the remoteness of the robbery strikes priors as a mitigating factor"; appellant made an "early admission of error in the current offense"; the instant offense did not involve violence; various factors support the inference that he possessed cocaine for personal use only, thereby rendering his plea an "ambiguous testament of his possession for [purposes of] sale "; and given that people tend to commit fewer crimes as they age, and even if appellant is not sentenced under the three strikes law, he likely will be at least 51 years old before he is released, a 25-years-to-life sentence under the three strikes law is excessive and "does not rationally serve the interests of justice or society."

Appellant's attempt to recast the instant offense as the less serious crime of simple possession is without merit. There was nothing "ambiguous" about appellant's plea of guilty to possession of cocaine for purposes of sale. A guilty plea "constitute[s] 'a judicial admission of *every element* of the offense charged[.]'" (*People v. Alfaro* (1986) 42 Cal.3d 627, 636, overruled on another ground in *People v. Guerrero* (1988) 44 Cal.3d 343, italics added.)

Appellant's claim that the court failed to consider the remoteness of appellant's most recent prior convictions is also meritless.  Nothing in the record suggests the court was unaware that appellant suffered his strike convictions in 1995.

We acknowledge that appellant's most recent prior convictions occurred 13 years before sentencing, the instant offense did not involve violence and appellant admitted guilt at an (sic) acknowledged wrongdoing prior to arrest, and we assume for the sake of argument, as appellant asserts, that "[s]tudies show criminal careers taper off as people age." These factors notwithstanding, however, the instant case is not the extraordinary one in which departure from the three strikes law sentencing scheme is compelled. The record shows the following: After suffering two adjudications as a juvenile, one of which was for forcible rape, appellant, as an adult, in the space of less than 12 years beginning in 1983, suffered convictions of five felonies and 17 misdemeanors; all of appellant's felony convictions resulted in prison sentences; two of his felony convictions were serious enough to qualify as strikes; appellant has received multiple grants of both probation and parole; and at the time he committed the instant offense, he was addicted to drugs, he was only marginally employed and he was spending most, if not all, of his earnings to support his drug habit.

Thus, appellant has demonstrated an inability to refrain from committing crimes despite past sanctions and attempts to rehabilitate through the juvenile justice system as well as adult probation and parole. Moreover, appellant's criminal history, the instant offense and his history of marginal employment and drug addiction support the conclusion that his prospects are not such that he should be deemed "outside the ... spirit [of the three strikes

12

law], in whole or in part ...." (*People v. Williams,
supra*, 17 Cal.4th at p. 161.) Although the record may
indicate that this matter is within the range of cases as
to which the trial court had discretion under section 1385
to strike one of appellant's strikes, nothing in the
record compels such an exercise of that discretion, and it
was not irrational for the court to refuse to treat
appellant as if he had not previously suffered two
strikes. Accordingly, the court did not abuse its
discretion in denying appellant's *Romero* motion.

(Doc. 14, 25-26.)

### B.   Due Process

Petitioner argues that the trial court abused its discretion in

denying the motion to strike, and that the abuse of discretion

resulted in a violation of Petitioner's liberty interest and right

to due process of law under the Fourteenth Amendment.  Petitioner

contends that the denial of the motion was irrational or arbitrary

because the trial court did not adequately or appropriately consider

the evidence offered on behalf of Petitioner.  Petitioner points to

the fact that, with the exception of some misdemeanors, he was

crime-free for about thirteen years.

The sentencing court considered Petitioner's lengthy record

that included the commission of violent offenses such as forcible

rape and robbery, multiple batteries as an adult, repeated offenses

involving controlled substances, the commitment offense involving a

significant amount of a controlled substance, and repeated failures

on probation and parole.  (Pet., doc. 1, 10-15 [citing to 2 RT 53-

55, 57-60].)  The court concluded that Petitioner had repeatedly and

consistently violated the law, probation, and parole over the

13

previous twenty-five years.  (Id. at 14.)

     The record reflects that the trial court considered the appropriate factors under the governing state law, and that the state courts upheld the trial court's exercise of discretion.  Cal. Pen. Code § 1385 permits a judge to order an action dismissed in furtherance of justice.  The court should consider both the constitutional rights of the defendant and interests of society represented by the People in determining whether there should be a dismissal, including the defendant's background, the nature of his present offenses, and other individualized considerations.  People v. Superior Court (Romero), 13 Cal.4th 497, 530-31 (1996) (quoting People v. Orin, 13 Cal.3d 937, 945 (1975)).  A suitable reason for dismissal is one which would motivate a reasonable judge.  Id.  A court should consider, in light of generally applicable sentencing principles, "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [statutory] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies."  People v. Williams, 17 Cal. 4th 148, 161 (1998).

     Here, the sentencing court expressly considered the appropriate factors and exercised its discretion.  The CCA considered the state

14

law issue of whether the sentencing court abused its discretion in denying the motion to strike and concluded that there had been no abuse of discretion.  The state's highest court declined to disturb the CCA's decision.

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  The Court accepts a state court's interpretation of state law.  Langford v. Day, 110 F.3d at 1389.  In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions.  Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, there is no basis for a conclusion that the CSC's interpretation or application or state law was untenable or part of an attempt to avoid review of federal questions.

Thus, this Court will not review the state court's

15

interpretation or application of Cal. Pen. Code § 1385.  A claim

alleging misapplication of state sentencing law involves a question

of state law which is not cognizable in a proceeding pursuant to 28

U.S.C. § 2254.   See, Lewis v. Jeffers, 497 U.S. 764, 780 (1990)

(rejecting a claim that a state court misapplied state statutes

concerning aggravating circumstances on the ground that federal

habeas corpus relief does not lie for errors of state law); Souch v.

Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (dismissing as not

cognizable claims alleging only that the trial court abused its

discretion in selecting consecutive sentences and erred in failing

to state reasons for choosing consecutive terms); Miller v. Vasquez,

868 F.2d 1116, 1118-19 (9th Cir. 1989) (dismissing as not cognizable

a claim concerning whether a prior conviction qualified as a

sentence enhancement under state law).  Likewise, it has been held

that a claim that a petitioner should be resentenced after a

consideration of a motion to strike a prior conviction has been held

not cognizable on federal habeas review.  See, Brown v. Mayle, 283

F.3d 1019, 1040 (9th Cir. 2002), vacated on other grounds, Mayle v.

Brown, 538 U.S. 901 (2003).

Petitioner's due process argument rests upon an assertion that

he has a liberty interest that was violated by the state court's

abuse of discretion.  However, the source of the liberty interest

referred to by Petitioner appears to be state law.  Cf., Swarthout

v. Cooke, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011) (characterizing

16

as reasonable a decision of the Ninth Circuit Court of Appeals that California law creates a liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment). Here, the state court has definitively determined that there was no abuse of discretion after affording Petitioner due process and considering the pertinent factors. Thus, Petitioner has not shown that there was a violation of a protected liberty interest.

Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). Petitioner has not shown any fundamental unfairness.

Petitioner argues that the state court's decision was irrational and arbitrary. Petitioner relies on Hicks v. Oklahoma, 447 U.S. 343, 346 (1980), in which the Court found that a defendant's sentence was imposed in violation of the Due Process Clause of the Fourteenth Amendment, which protects against arbitrary deprivation of liberty by the state. There the jury, which was given the discretion under state law to impose punishment, was instructed under a habitual offender statute, later declared to be unconstitutional, to sentence the Petitioner to a mandatory forty years; had the jury been properly instructed, the jury could have imposed any sentence of not less than ten years. The Court reasoned that the defendant's interest in the process of the exercise of a jury's discretion as to penalty that was created by state law was not merely a matter of state procedural law because the defendant had a "substantial and legitimate expectation that he will be

17

deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion," and that the "liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State." Id. at 346. The Court concluded that the petitioner was denied his right to the jury's judgment. The Court characterized the state appellate court's determination that a jury might have imposed a sentence equally as harsh as that mandated by the invalidated habitual offender statute as "frail conjecture" as to what a jury might have done, and an arbitrary disregard of the defendant's right to liberty. Id. at 345-46.

Here, as in Hicks, state law provided a specific method for determining whether a prior conviction should be stricken. Petitioner was entitled under state law to have his prior convictions considered according to the pertinent state statutes in light of the specific findings made by the trial court in relation to those statutes. Petitioner does not claim that any of those statutes has been invalidated. The record reflects that the sentencing court considered the statutory criteria and came to a determination based on the pertinent law and Petitioner's particularized circumstances. Petitioner was thus not deprived of any statutory entitlement.

In summary, the Court concludes that Petitioner has not shown that the state court's decision or decision-making process violated Petitioner's right to due process or that it was contrary to, or an unreasonable application of, clearly established federal law.

18

1    Accordingly, Petitioner's due process claim will be denied.

2        C.  Cruel and Unusual Punishment

3    Petitioner argues that the trial court's abuse of discretion in

4  denying the motion to strike violated Petitioner's protection

5  against cruel and unusual punishment guaranteed by the Eighth and

6  Fourteenth Amendments.

7    A criminal sentence that is "grossly disproportionate" to the

8  crime for which a defendant is convicted may violate the Eighth

9  Amendment.  Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Harmelin v.

10  Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring);

11  Rummel v. Estelle, 445 U.S. 263, 271 (1980).  Outside of the capital

12  punishment context, the Eighth Amendment prohibits only sentences

13  that are extreme and grossly disproportionate to the crime.  United

14  States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin

15  v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)).

16  Such instances are "exceedingly rare" and occur in only "extreme"

17  cases.  Lockyer v. Andrade, 538 U.S. at 72-73; Rummel, 445 U.S. at

18  272.  So long as a sentence does not exceed statutory maximums, it

19  will not be considered cruel and unusual punishment under the Eighth

20  Amendment.  See United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th

21  Cir. 1998); United States v. McDougherty, 920 F.2d 569, 576 (9th

22  Cir. 1990).

23    The Supreme Court has held that a life sentence is

24  constitutional, even for a non-violent property crime.  See, Rummel

25  v. Estelle, 445 U.S. at 274 (upholding a life sentence with the

26  possibility of parole, imposed under a Texas recidivist statute, for

27  a defendant convicted of obtaining $120.75 by false pretenses, an

28  offense normally punishable by imprisonment for two to ten years);

Harmelin v. Michigan, 501 U.S. at 962-64 (upholding a sentence of life without the possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine, although it was his first felony offense).  A sentence of life without the possibility of parole has been upheld for being a felon in possession of a firearm where the defendant had committed thirteen violent felonies because of the government's interest in imposing stricter penalties on persons who have engaged in repeated criminal conduct and thus have shown that they are incapable of conforming to the norms of society as established by the criminal law.  United States v. Bland, 961 F.2d at 128-29.

Here, Petitioner's sentence was based not only on his possession of a quantity of a controlled substance consistent with an intention to sell the substance, but also for his history of having committed many serious and violent crimes and his pervasive substance abuse, which demonstrated his inability to conform to the requirements of the criminal law.  In view of these authorities, Petitioner's sentence of twenty-five years to life is not disproportionate or otherwise cruel or unusual.

Petitioner relies on Trop v. Dulles, 356 U.S. 86, 100 (1958), in which it was held that the penalty of denial of citizenship for one who had been adjudicated in a military court martial of having deserted from the army during wartime and had been dishonorably discharged was beyond the power of Congress.  Petitioner's punishment of imprisonment is not analogous with the extreme penalty of expatriation involved in Trop v. Dulles.

The Court concludes that Petitioner has not shown that the state court's determination that his sentence was not cruel and

20

unusual punishment was contrary to, or an unreasonable application of, clearly established federal law.

Accordingly, Petitioner's claim will be denied.

VI.  <u>Failure to Strike Prior Convictions Arising from a Single Incident</u>

Petitioner argues that the trial court abused its discretion for failing to strike one of his two prior convictions suffered in February 1995 because the two prior convictions were the product of a single incident involving two victims.  Petitioner contends that this violated his liberty interest and right to due process.

In <u>People v. Benson</u>, 18 Cal.4th 24, 26-27 (1998), it was held as a matter of statutory construction that there was no abuse of discretion in a trial court's declining to strike a prior conviction where the sentence on the conviction had been stayed pursuant to a statute that prohibited multiple punishment for offenses committed against a single victim on the same occasion.  Because it is not an abuse of discretion under state law to decline to strike such a conviction, Petitioner cannot posit a liberty interest based on state law that would require the striking of such a conviction or even of one such as Petitioner's, which involved two victims.

Petitioner has not shown any fundamental unfairness associated with the failure to strike one of the convictions.  Further, Petitioner has not shown that this aspect of his punishment was grossly disproportionate or that it otherwise implicated the broad limits of the Eighth and Fourteenth Amendments with respect to cruel

21

and unusual punishment.  Petitioner has not shown that the state court's decision permitting the sentencing court's exercise of its discretion was contrary to, or an unreasonable application of, clearly established federal law.

Accordingly, Petitioner's claim will be denied.

VII.  Claims relating to Petitioner's 1995 Plea Agreement

Petitioner alleges that the two prior robbery convictions used to enhance his sentence in the present case could not be used in such a manner because pursuant to a plea bargain made in 1995 when Petitioner entered his plea to the prior charges, allegations that the two convictions were serious or violent felonies were dismissed. Petitioner contends that use of the prior convictions violates the terms of the plea agreement entered into in 1995 and thus violates his rights to due process of law and equal protection.

A.  Background

Petitioner alleges that in 1995, he entered a guilty plea pursuant to an agreement that he describes as follows:

> In 1995 petitioner agreed to a 7 year lid in light of the People's counts 1 & 2 two counts of first degree robbery would be reduced to second degree robberies and the 1192.7 serious/violent felony allegations alleged therewith as an integral (sic) of the plea would be dismissed as well as both counts would be consolidated and ratified as one incident.

(Pet., doc. 1, 33.)

When Petitioner submitted this claim to the CSC in his petition for writ of habeas corpus filed in April 2010, he submitted the

22

transcript of his sentencing proceeding in the 1995 robbery

prosecution; he did not submit a transcript of the change of plea

proceeding.[2]   The sentencing transcript from the previous proceeding

shows that Petitioner was represented by counsel, who described the

plea agreement as a plea to two counts of robbery and referred to

special allegations regarding state prison priors.  (LD 5, Ex. E, 4

& 4:4.)   There were four people present during the robbery; two

suffered a theft of their property, and two suffered injuries;

Petitioner struck an unarmed person with a beer bottle and roughed

up a pregnant woman.  (Id. at 5-7.)  The sentencing court chose the

upper term of five years on count 3, imposed two years for two one-

year prior enhancements pursuant to Cal. Pen. Code § 667.5., and

imposed a concurrent upper term on count 1.  (Id. at 8; abs. of

judgment.)   The abstract shows that Petitioner suffered two separate

convictions of second degree robbery as well as two § 667.5(b)

enhancements.   There is no reference to any consolidation or

ratification of the two charges into a single charge or conviction.

B. Analysis

A criminal defendant has a due process right to enforce the

terms of his plea agreement.  Promises from the prosecution in a

plea agreement must be fulfilled if they are significant inducements

to enter into a plea.  Santobello v. New York, 404 U.S. 257, 262

---

[2] Likewise, Petitioner did not submit a copy of the change of plea transcript to
this Court.

(1971); <u>Buckley v. Terhune</u>, 441 F.3d 688, 694 (9th Cir. 2006).  Plea agreements are contractual in nature and are measured by contract law standards.  <u>United States v. De la Fuente</u>, 8 F.3d 1333, 1337 (9th Cir. 1993).  In construing a plea agreement, a court must determine what the defendant reasonably believed to be the terms of the plea agreement at the time of the plea.  <u>United States v. Franco-Lopez</u>, 312 F.3d 984, 989 (9th Cir. 2002).

The construction of a state court plea agreement is a matter of state law, and federal courts will defer to a state court's reasonable construction of a plea agreement.  <u>Ricketts v. Adamson</u>, 483 U.S. 1, 6 n.3 (1987); <u>Buckley v. Terhune</u>, 441 F.3d 688, 695 (9th Cir. 2006).  In California, a negotiated plea agreement is a form of contract and is interpreted according to general contract principles and according to the same rules as other contracts.  <u>Buckley v. Terhune</u>, 441 F.3d at 695 (citing <u>People v. Shelton</u>, 37 Cal.4th 759, 767 (2006) and <u>People v. Toscano</u>, 124 Cal.App.4th 340, 344 (2004)).

Here, Petitioner admitted in the present case that his prior robbery convictions were two prior "strikes".  (LD 9 at 19, 27.)  The documentation submitted to the CSC with the habeas petition did not establish the terms of the plea agreement.  To the extent that the terms of the agreement may be inferred from the documents submitted to the state court, it appears that there were two entirely separate robbery convictions and two enhancements, and not one charge or conviction as Petitioner contends.  Further, there is

no suggestion that there was an agreement to bar the use of the convictions as prior serious or felony convictions in the future. Because this is so, it would have been reasonable for the CSC to conclude that based on the documentation submitted to it, Petitioner had not established the terms of the previous plea bargain.  Thus, the denial of the state petition would not have been contrary to, or an unreasonable application of, clearly established federal law concerning the due process right to enforce plea agreements.

More fundamentally, Petitioner is barred in this proceeding from review of the contention concerning his prior convictions.  A prisoner may not challenge a prior conviction used to enhance a current sentence unless in the proceeding resulting in the prior conviction there was a failure to appoint counsel in violation of Gideon v. Wainwright, 372 U.S. 335 (1963).  Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001).  Where the prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or pursued them unsuccessfully, relief by way of 28 U.S.C. § 2254 is unavailable.  Id.  An exception has been recognized in this circuit when a state court refuses without justification to rule on the constitutional claim of a petitioner who is without fault.  See, Dubrin v. People, - F.3d -, 2013 WL 3215521, *3-*4 (No. 10-56548, 9th Cir. June 20, 2013).

Here, the record reflects that Petitioner had counsel in the

25

1995 proceeding.  Petitioner has not shown that in the prior
proceeding there was an agreement that his robbery convictions would
never be used as "strikes" or as a basis to enhance his sentence for
future crimes.  Petitioner was out of custody when he committed the
present offense, and it may thus reasonably be inferred that
Petitioner has completed service of his sentence on the prior
convictions.  Finally, Petitioner has not shown that he suffered an
unjustified refusal of a state court to rule on his constitutional
claim concerning his prior conviction; rather, the CSC merely
summarily denied his petition for writ of habeas corpus.  (LD 6.)

Finally, the Court notes that the transcript of Petitioner's
change of plea to the current charges reflects that Petitioner pled
guilty to the charge of possessing cocaine for sale with the
understanding that three other counts would be dismissed, and he
admitted the two "strike convictions" charged "for purposes of
sentencing."  (LD 9, 1 CT 21-22, 27.)  The information alleged that
petitioner had suffered two robbery convictions in March 1995 which
were serious or violent felonies pursuant to Cal. Pen. Code
§§ 1170.12(a) through (d) and 667(b) through (i).  (LD 9, 1 CT 9.)
At the change of plea proceeding, Petitioner expressly answered
affirmatively when the court asked if Petitioner would be admitting
the two strike priors which, as the court noted, would require
Petitioner to serve a minimum of twenty-five years to life unless

the judge at sentencing granted the motion to strike one or both of the prior convictions.  (LD 9, 1 CT 27.)

A plea or admission admits every element of the charge and is the legal equivalent of a verdict or finding.  People v. Wallace, 33 Cal.4th 738, 749 (2004).  Petitioner admitted the allegations at a time when he was represented by counsel.  In order for Petitioner to challenge defects in the proceedings that led to the plea or to raise claims relating to the deprivation of rights occurring prior to the entry of the guilty plea, Petitioner must not only show a constitutional infirmity, but also that his counsel was not within the range of competence demanded of attorneys in criminal cases. Tollett v. Henderson, 411 U.S. 258 266-67 (1973).  Petitioner has made no such showing, and the record does not suggest that such a showing could be made.  Thus, Petitioner has not shown that he suffered a violation of due process of law.

With respect to equal protection, the Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  Petitioner can establish an equal protection claim by showing that he was intentionally discriminated against based on his membership in a protected class.  See, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Petitioner can also establish an equal protection claim by showing that similarly situated individuals were

intentionally treated differently without a rational basis for the difference in treatment.   See, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008).

In this case, Petitioner fails to allege or show that he was intentionally treated differently from others similarly situated or that he was intentionally discriminated based on his membership in a protected class.

In summary, Petitioner has not shown that the state court's decision denying his claim concerning the prior convictions and the plea was contrary to, or an unreasonable application of, clearly established federal law with respect to due process or equal protection.

Accordingly, the claims concerning the prior convictions will be denied.

The Court notes that to the extent that Petitioner claims with respect to his plea a violation of Article 1, § 7 of the California Constitution, Petitioner is raising a state law claim which is not cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

VIII.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.   28

28

U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

IX.   <u>Disposition</u>

Accordingly, it is ORDERED that:

1)   The Clerk is DIRECTED to substitute Robert Trimble as Respondent in this proceeding; and

2)   The petition for writ of habeas corpus is DENIED; and

3)   The Clerk is directed to ENTER judgment for Respondent; and

4)   The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 5, 2013**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE